UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | REPORT AND RECOMMENDATION |
| V. | ) | |
| | ) | CASE NO. 2:07-cr-35-02 |
| ROBERT LEE REDROAD, JR. | ) | |

At an August 25, 2011 hearing, Robert Lee Redroad, Jr. admitted that he had violated conditions of his supervised release. For the reasons explained below, this Court recommends that conditions of his release be modified, and that Redroad be given another opportunity to successfully complete his term of supervision.

A petition (Doc. 151) was filed July 12, 2011, and was referred to this Court for hearing and for preparation of this Report and Recommendation (Doc. 172). The petition charges that Redroad violated conditions of supervision by leaving Centre, Inc. without permission.

**FACTS**

In 2007, Redroad pled guilty to an assault charge. Judge Rodney S. Webb sentenced him to serve 37 months in custody, followed by three years of supervised release. Redroad began his supervised release term on April 23, 2010. Prior to beginning supervised release, Redroad had been at Lake Region Reentry Center on a Bureau of Prisons pre-release placement. He had tested positive for use of marijuana shortly before completing that

1

placement, and his work release privileges were consequently revoked.

Redroad spent the first six weeks of his supervised release term at Spirit Lake Recovery and Wellness. He completed a chemical dependency treatment program there on June 3, 2010, and an aftercare program on August 11, 2010. Redroad did well on supervision until early April 2011.

In early April, Redroad is reported to have assaulted his girlfriend, and then having driven his girlfriend's car from the Spirit Lake reservation to Fargo. He was charged with DUI in Fargo, and received a sentence of 30 days from the municipal court with all but three days suspended. The supervising officer reports that there is an outstanding warrant from the Spirit Lake tribal court involving the charge of assaulting his girlfriend.

After the April incidents, the supervising officer filed a petition (Doc. 124). There was an agreement for modification, and Redroad was ordered to complete a twelve month placement at Centre, with chemical dependency treatment and employment requirements (Doc. 149). Redroad began the twelve-month Centre placement on June 24, 2011.

After only seventeen days at Centre in Fargo, Redroad and another Centre resident left the facility. At the hearing, Redroad stated that he left to visit his sister, who was hospitalized in the Minneapolis area. He said that his sister was facing a

possible amputation, and had asked that he come to see her, and to discuss his possible role in her end-of-life decision-making. Another sister assisted law enforcement in locating Redroad, and he was arrested without incident in Brooklyn Park, Minnesota on July 20, 2011.

Redroad has been in custody since his arrest (Doc. 153).

## POLICY STATEMENTS OF GUIDELINES

At the time sentence was imposed, Redroad was in Criminal History Category VI. The violation to which he admitted is of Grade C. If release were revoked under those circumstances, the policy statements suggest a sentence of eight to fourteen months.

## PARTIES' POSITIONS ON DISPOSITION

The United States requests that Redroad's supervised release be revoked, and that he be ordered to serve a term of ten months in custody, with no additional term of supervised release. Redroad requests that he be given another opportunity to complete a Centre placement. He suggests additional conditions of school attendance and a prohibition on entering the Spirit Lake Reservation, so that he has no contact with the woman he is alleged to have assaulted in April. If his supervision is revoked, Redroad asserts that a term of custody of eight moths, rather than ten months, would be appropriate.

## DISCUSSION

Redroad acknowledged that he violated conditions of his

3

supervised release, but his counsel describes the violation as a bad choice done for good reasons. Redroad's concern for his sister's health and desire to assist her are easily understood, and Redroad acknowledges that he made a very bad choice in simply leaving Centre without even talking with the supervising officer about possible temporary release to assist his sister.

Redroad has completed some college education, and both parties describe him as an intelligent man who has done well academically. He appears to be sincere in wanting to continue his college education. If he was to continue his education, the rehabilitative purpose of supervised release would be far better served. Even though his violations of conditions of release - both in April and in July - were very serious, this Court recommends that he be given <u>one more chance</u> to complete the term of supervised release.

### RECOMMENDATION

This Court recommends that the chief district judge find that Redroad violated conditions of supervised release, and that conditions of his release be modified to require that he complete a twelve-month placement at a residential re-entry center. Additional conditions should include a requirement that he enroll in a suitable academic program, or that he maintain employment. He should be required to address the outstanding tribal warrant within 48 hours of his release. Other than for purposes of addressing that warrant, Redroad should also be prohibited from going on the

4

Spirit Lake Reservation, or from any contact of any kind with the woman he is alleged to have assaulted, Janet White, for the balance of his supervised release term.

## OPPORTUNITY FOR OBJECTIONS

The parties may object to the recommendations made herein, within the time allowed pursuant to local rule.

Dated this 30th day of August, 2011.

/s/ Alice R. Senechal
Alice R. Senechal
U.S. Magistrate Judge